IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, CO

AUG 1 5 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01151-BNB

MAGIN PADILLA,

    Plaintiff,

v.

BARRY PARADUS, Colorado Department of Corrections Clinical Services, John Doe
    and Jane 1-25 and Complete Medical Staff,
KELLY WASKO, H.S.A. RN, Colorado Dept. of Corrections, Arkansas Valley
    Correctional Facility, and Complete Medical Staff, John and Jane Does 25-50,
P.A. TEGINDER SINGH, A.V.C.F.,
P.A. TED LAWRENCE, A.V.C.F.,
CYNDIA MARTINEZ, Medical Records, A.V.C.F.,
CATHIE HOLST, Manager Office of Correctional Legal Services AIC-ADA Inmate
    Coordinator,
All the Above Listed Individuals Defendants in Their Official and Individual Capacities,
    Also the Unknown John Does and Jane Does Currently not Known by Name to
    be Added at Later Date,

    Defendants.

---

## ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
## PURSUANT TO 28 U.S.C. § 1915
## WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

On May 16, 2007, Plaintiff Magin Padilla filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Subsequently on June 29, 2007, Plaintiff filed a properly certified copy of his trust fund account statement. On July 11, 2007, the Court granted Plaintiff permission to proceed in forma pauperis and directed him to pay an initial partial filing fee of $7.00 pursuant to 28 U.S.C. § 1915(b)(1) or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee by filing a current certified copy of his trust fund account statement.

On August 13, 2007, Plaintiff filed a current certified copy of his trust fund account statement and asserted he is unable to pay the $7.00. Based on the information provided about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates that he has insufficient funds in his inmate account available to him to pay an initial partial filing fee and that he has no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is

ORDERED that Plaintiff may proceed without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the Complaint may be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED at Denver, Colorado, this 15th day of August, 2007.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01151-BNB

Magin Padilla
Prisoner No. 61643
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   8/15/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk