IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01151-WDM-KMT


MAGIN PADILLA,

  Plaintiff,

v.

BARRY PARADUS, Colorado Department of Corrections Clinical Services, John Doe
  and Jane 1-25 and Complete Medical Staff,
KELLY WASKO, H.S.A. RN, Colorado Dept. Of Corrections, Arkansas Valley
  Correctional Facility, and Complete Medical Staff, John and Jane Does 25-50,
P.A. TEGINDER SINGH, A.V.C.F.,
P.A. TED LAWRENCE, A.V.C.F.,
CYNTHIA MARTINEZ, Medical Records, A.V.C.F.,
CATHIE HOLST, Manager Office of Correctional Legal Services AIC-ADA Inmate
  Coordinator,
All the Above Listed Individual Defendants in Their Official and Individual Capacities,
  Also the Unknown John Does and Jane Does Currently not Known by Name to
  be Added at Later Date,

  Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

  This case involves a claim that Defendants violated Plaintiff's Eighth Amendment rights.

This matter is before the court on Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc.

No. 24) filed November 13, 2007. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007).

**STATEMENT OF THE CASE**

The following facts are taken from Plaintiff's Prisoner Complaint and the parties'

submissions with respect to this Recommendation.  At the time Plaintiff filed his Complaint, he

was incarcerated in the Arkansas Valley Correctional Facility ("AVCF").  (Prisoner Compl. at 2

[hereinafter "Compl."] [filed June 29, 2007].)  Plaintiff has named as defendants Barry Pardus,

Kelly Wasko, Teginder Singh, Ted Lawrence, Cyndra Martinez, and Cathie Holst, all Colorado

Department of Corrections ("CDOC") employees.  (Compl. at 1–3.)  Plaintiff asserts Defendants

filed to provide him with proper and adequate medical care.  (*Id.* at 4.)  Plaintiff alleges

physician assistants at AVCF are acting in the capacity of neurologists; there is no full-time

physician on duty; Defendant Wasko has negligently hired and failed to adequately train and

supervise her employees at the AVCF; medical records get shredded, lost, or thrown away; it

takes six to seven days to be seen as a patient; and $5.00 co-pays are being charged for chronic-

care inmates and for prescriptions.  (*Id.*)  Plaintiff seeks damages for "being subjected to

personal injuries, without proper medical treatment, and failing to properly treat his diabetic

problems and other medical issues."  (*Id.*)

Plaintiff has asserted three claims, all captioned as violations of the Eighth Amendment.

In Claim One, Plaintiff alleges Defendant Wasko has subjected him to cruel and unusual

punishment by denying Plaintiff his "special medical shoes."  (*Id.* at 5.)  Plaintiff states he fell in

the gym and injured his neck, arm, and back.  (*Id.*)  Plaintiff asserts Defendant Lawrence and the

medical department have failed to treat his medical needs.  (*Id.*)  Plaintiff states the defendants

are "seeing [him], not treating [him]."  (*Id.*)

In Claim Two, Plaintiff alleges the medical co-pay is unconstitutional "because it only serves to harrass [sic] and place burdens on [him] and other inmates." (*Id.* at 9.) Plaintiff asserts the co-pays are being taken out of his account without a release form being signed by him. (*Id.*) Plaintiff further asserts that as a paying customer, he is entitled to the same medical treatment and standards as free people. (*Id.*) He states that, as he is under "chronic care," he is not to be charged for every chronic care visit. (*Id.*) He also alleges that his medical records have been misplaced. (*Id.*) Plaintiff asserts Defendant Martinez should not be responding to his medical grievances. (*Id.*) Finally, Plaintiff alleges there is no physician present at AVCF, there is no emergency "kite" system, and there is no daily sick call. (*Id.*)

In Claim Three, Plaintiff asserts Defendant Wasko is vicariously liable for the failure to provide adequate medical care. (*Id.* at 10.) Plaintiff states Defendants have failed to meet his "known health needs." (*Id.*) Plaintiff alleges the medical staff is poorly trained and supervised. (*Id.*) Plaintiff asserts Defendants are failing to treat a variety of his medical conditions. (*Id.*) Finally, Plaintiff states the facility is not ADA-compliant and has no handicap showers. (*Id.*) Plaintiff seeks declaratory relief, injunctive relief, and money damages. (*Id.* at 18.)

Defendants have filed a motion to dismiss on the bases that (1) the CDOC employees are immune from liability in their official capacities; (2) Defendants Pardus, Holst, and Martinez did not participate in the alleged deprivation; (3) Plaintiff's claim challenging the constitutionality of the medical co-payment fails as a matter of law; (4) Plaintiff fails to state an Eighth Amendment

violation; and (5) Plaintiff's ADA claim fails legally and procedurally[1]. (Mem. Br. in Supp. of

Defs.' Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed November 13, 2007].)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on June 29, 2007. (Compl.) Defendants filed

their motion to dismiss on November 13, 2007. (Mot.) No response or reply have been filed.

This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Magin Padilla is proceeding *pro se*. The court, therefore, "review[s] [his] pleadings and

other papers liberally and hold[s] them to a less stringent standard than those drafted by

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

*See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se*

complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a

*pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to

state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.

1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that

a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also*

---

[1]The court does not read an ADA claim into Plaintiff's Complaint. Rather, the court
construes Plaintiff's Eighth Amendment claims as encompassing the allegations regarding the
failure to comply with ADA standards. Therefore, this court will not analyze a separate ADA
claim.

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the

plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not

entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir.

2002)

## 2.    *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and

construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210,

1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's

favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the

court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d

1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the

Supreme Court articulated a new "plausibility" standard, under which a complaint must include

"enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc*., 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1. *Eleventh Amendment Immunity*

To the extent Plaintiff is suing Defendants in their official capacities, Defendants claim they are immune. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). It cannot be disputed that Defendants are state officials. Accordingly, Plaintiff's official capacity claims for damages should be dismissed with prejudice.

6

## 2. *Personal Participation*

Defendants assert that Plaintiff has failed to allege personal participation by Defendants Pardus, Holst, and Martinez, and, therefore, the claims against them should be dismissed. (Mot. at 5–6.)

*Alvarado* provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

"A defendant cannot be liable under a respondeat superior theory in a section 1983 case." *Raile v. Ortiz*, No. 05-1345, 2006 WL 991102, at *2 (10th Cir. Apr. 17, 2006) (citing *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983)). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441

(10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential).  In addition, a denial of a grievance alone is insufficient to establish personal participation when constitutional violations are alleged. *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)).

As to Defendant Pardus, Plaintiff's only allegation is that he "can not justify unconstitutional lack of competent medical care for my treatment."  (Compl. at 10.)  Regarding Defendant Holst, the only allegation made by Plaintiff is that she "failed to comply with federal ADA standards and laws, and covers up information to suit DOC failure to provide [special medical shoes]."  (Compl. at 10.)  Plaintiff has failed to explain what these Defendants did to him, when the defendants did it, how the defendants' actions harmed him, and what specific legal right the plaintiff believes the defendant violated.  *Nasious*, 492 F.3d 1158, 1163.  Plaintiff has failed to assert an affirmative link between the alleged constitutional violations and these defendants' participation, control or direction, or failure to supervise.  *See Butler*, 992 F.2d at 1055.

The only allegation Plaintiff makes against Defendant Martinez is that she responds to grievances without a medical degree on medical issues which should be answered by a physician.  (Compl. at 9.)  However, Defendant Martinez's denial of grievances alone is insufficient to establish personal participation when constitutional violations are alleged. *Larson*, 240 Fed. Appx. at 780.

Accordingly, all claims against Defendants Pardus, Holst, and Martinez are properly dismissed for lack of personal participation.

**3.** ***Medical Co-Payment Claim***

Defendants assert Plaintiff's claim challenging the constitutionality of the medical co-payment fails as a matter of law. (Mot. at 6.) In Colorado, the General Assembly has provided that inmates may be charged co-payments for medical care. Specifically, Colo. Rev. Stat. § 17-1-113(2) provides that the CDOC:

> shall assess consistent copayments, in amounts to be determined by rule of the executive director pursuant to subsection (4) of this section, against an inmate's account for every medical service provided to such inmate by a physician, physician's assistant, nurse practitioner, registered nurse, or licensed practical nurse, whether such medical professional is institutional or noninstitutional. The department shall assess consistent copayments, in amounts to be determined by rule of the executive director pursuant to subsection (4) of this section, against an inmate's account for every visit by such inmate to a dentist or optometrist. The amount of the copayment for the dental or optometric services need not be the same as the copayment for medical services.

C.R.S. § 17-1-113(2) (2008).

Additionally, C.R.S. § 17-1-113(4) provides that the executive director of the DOC shall promulgate rules related to medical copayments which shall address, but need not be limited to, the amount of a copayment, the detailed procedures that DOC personnel must follow in assessing such copayments, and the basis upon which a copayment may be waived by DOC personnel.

The CDOC regulation concerning the Offender Co-Payment Program specifically mandates that "[a]ll offenders will have access to health care regardless of their ability to pay. . . . Unimpeded access to Clinical Services by offenders will be made by health care professionals,

9

and the amount of the co-pay fee is subject to change without prior notice.[2]" (Mot., Att. 1, AR

700-30(I).) In addition, a co-payment is not charged for every medical or dental appointment.

The regulation contains a lengthy list of general exclusions to the medical co-payment fee, *i.e.*,

follow-up appointments initiated/scheduled by a health care provider; referrals to

specialists/sub-specialists, x-ray; any request or appointment initiated/scheduled by medical or

dental staff. (AR 700-30(IV)(7)(B)). The regulation also states, "**NO ONE WILL BE**

**DENIED HEALTH CARE BECAUSE OF INABILITY TO PAY!**" (AR 700-30A at 2.)

As long as the state meets an inmate's serious medical needs, each state may determine

whether a governmental entity or an inmate must pay the cost of medical services provided to the

inmate. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983). Accordingly, a state may

establish inmate copayments for the provision of medical care. *See Shapley v. Nev. Bd. of State

Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985) (holding that the imposition of a three dollar fee

for each medical visit did not give rise to a claim for deliberate indifference to inmate's medical

needs); *Johnson v. Dep't of Pub. Safety & Corr. Servs.*, 885 F. Supp. 817 (D. Md. 1995) (policy

requiring inmates to pay part of cost of medical care did not show deliberate indifference or cruel

and unusual punishment absent proof that inmates were ever refused treatment because of

inability to pay); *Mourning v. Corr. Med. Servs.*, 692 A.2d 529 (1997) (statute providing for

prison inmate copayment of medical expenses did not violate inmate's Eighth Amendment

rights); *Collins v. Romer*, 962 F.2d 1508 (10th Cir. 1992) (affirming district court ruling that

---

[2]A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

inmate copayment statute which did not provide exceptions to copayment requirement would be unconstitutional).

The court finds that the plaintiff has not alleged facts which state an Eighth Amendment claim regarding the co-payments. Significantly, Plaintiff has not alleged that he has ever been denied medical care for a serious medical need because of his inability to make a co-payment or that he has been deprived of needed hygiene items. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir.1996) (Inmate plaintiff asserted lack of hygiene items cause his gums to bleed and recede and tooth decay that eventually had to be treated by a dentist and thus raised a genuine issue of material fact in regard to whether prison officials' alleged denial of hygienic items caused plaintiff serious harm.). The court further finds that as long as the inmate receives access to necessary medical care, there is no reason why the state cannot apply a minimal charge to the inmate's account and recover costs when he has the ability to pay. *See McCall v. Johnson County Sheriff's Dept.*, 71 Fed. Appx. 30, 31 (10th Cir. 2003) ("It is clearly constitutionally acceptable to charge inmates a small fee for health care where, as here, indigent inmates are guaranteed service regardless of ability to pay.")'

Accordingly, Plaintiff's claim regarding the constitutionality of medical copayments should be dismissed.

### 4. *Eighth Amendment Claim*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). A claim based on "an

inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (overruled on other grounds) (citations omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir .1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Id.* at 1211. "Deliberate indifference" does not require a showing of express intent to harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). Rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.*

Plaintiff has not alleged sufficient facts that demonstrate a serious medical condition that Defendants' failure to treat constituted deliberate indifference. Plaintiff admits that Defendants are "seeing" him, but that they are not "treating" him. (Compl. at 5.) Plaintiff has made only conclusory statements regarding Defendants' alleged failure to provide adequate medical care or to meet his "known health needs." However, nothing in Plaintiff's Complaint suggests a sufficiently serious condition. *Oxendine*, 241 F.3d at 1276. In addition, Plaintiff has failed to allege that Defendants failed to act despite their knowledge of a substantial risk of serious harm. *Mata*, 427 F.3d at 752. Therefore, Plaintiff's Eighth Amendment claim is properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 24) be GRANTED and this case be dismissed in its entirety with prejudice for failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of August, 2008.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge

14